**ESTATE OF Charles P. ELIAS.**

Supreme Judicial Court of Maine.

Argued Sept. 9, 1982.

Decided Oct. 20, 1982.

Nale & Nale Law Offices, John E. Nale (orally), Waterville, for plaintiff.

Richard Dostie (orally), Belfast, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER and VIOLETTE, JJ.

McKUSICK, Chief Justice.

The sole question in this case is whether appellants, two brothers and a sister of the late Charles P. Elias, had sufficient notice of the Probate Court proceedings below to bind them by the court's order. We hold that the notice they received was adequate by both statutory and constitutional standards, and we affirm the judgment below.

Charles P. Elias died intestate and unmarried on March 21, 1981. On April 8, Dyla McIntire filed an application in the Somerset County Probate Court for informal appointment of herself as personal representative of the decedent's estate. 18–A M.R.S.A. § 3–301 (1981). In her application, she listed herself as the decedent's daughter[1] and only heir. The appointment issued that same day.

On August 13, Edward E. Elias, a brother of the decedent but not a party to this appeal, filed a petition for formal adjudication of intestacy and appointment of personal representative, 18–A M.R.S.A. § 3–402 (1981). Edward listed himself as prospective personal representative at item 17 of the petition form. At item 8 he declared that the decedent had four heirs, all siblings of the decedent: Edward E. Elias, Theodore P. Elias, Richard P. Elias, and Madelyn V. Stevens. Item 11 set out the fact that Dyla McIntire had previously been appointed personal representative in informal proceedings. Item 19 of the petition form asked, "Is there any question relating to priority or qualification of personal representative to be resolved by the court?" Edward checked the space marked "yes" on the form, and wrote:

Through informal proceedings, the aforementioned Dyla McIntire has been appointed personal representative after alleging she is the daughter of the late Charles P. Elias. Whether she is the natural daughter of the late Charles P. Elias has not been determined.

Finally, at item 21 of the petition, Edward checked boxes to state,

I request a judicial finding and order that the decedent left no will, an adjudication of intestacy and an adjudication that the heirs are as set forth in item 8,

and

I request an order of the court appointing the personal representative listed in item 17 or some other suitable person.

Copies of Edward's petition were mailed to his brothers and sister, Richard Elias, Theodore Elias, and Madelyn Stevens, and also to Dyla McIntire, along with the Probate Court's Form N–103, "General Notice of Beginning of a Formal Probate Proceeding with a Hearing Date." This notice stated, in large type:

THE ACTION OR ORDER SOUGHT IN THE ATTACHED PETITION MAY

---

**1.** Although Charles P. Elias was never married, Dyla McIntire claimed to be his illegitimate daughter.

BE GRANTED IF NO INTERESTED PERSON APPEARS AT THE HEARING TO OBJECT. YOU MAY ALSO FILE WRITTEN OBJECTIONS TO THE PETITION, BUT THE FILING OF SUCH WRITTEN OBJECTIONS WILL NOT SUBSTITUTE FOR APPEARANCE AT THE HEARING UNLESS THE COURT SO ORDERS. IF YOU FILE WRITTEN OBJECTIONS, YOU MUST SEND A COPY TO PETITIONER'S ATTORNEY . . . .

A hearing was held in the Somerset County Probate Court on September 30 and October 28, 1981. Richard Elias and Madelyn Stevens testified at the hearing in support of their brother Edward's petition; Theodore Elias did not appear, although he received copies of the petition and notice described above. Most of the testimony, including that of Richard Elias and Madelyn Stevens, concerned the decedent's relationship with McIntire's mother, his behavior towards McIntire herself, and statements or representations he made during his lifetime as to his paternal relationship to McIntire. After the hearing was concluded, the Probate Court issued an order in which it stated that Dyla McIntire "has proved to this Court by clear and convincing proof that she is the daughter of the decedent," found that she was the decedent's only heir, and reaffirmed her appointment as personal representative.

In their appeal to this court, appellants Richard Elias, Theodore Elias, and Madelyn Stevens argue that they had no notice that the question whether Dyla McIntire was the decedent's daughter and therefore his only heir [2] was to be litigated on their brother Edward's petition. We find this argument unpersuasive as to all three of them. The requests for judicial findings

made by Edward in his petition, together with the information contained in that petition about Dyla McIntire's claims, would inevitably inform anyone reading the petition of the fact that the parentage of McIntire was put directly in issue by that petition and that the Probate Court might deny Edward's requests and instead hold for McIntire on the heirship and personal representative issues.

Edward's petition requested the Probate Court to "adjudicat[e] that the heirs are as set forth in item 8," that is, himself and the appellants—the four of them being the surviving siblings of the decedent. The petition also stated that Dyla McIntire claimed to be the decedent's daughter. Under 18–A M.R.S.A. § 2–103 (1981), the brothers and sisters of a decedent cannot inherit any portion of the decedent's intestate estate—and therefore are not his heirs—if the decedent is survived by any issue.[3] The petition thus gave clear notice to all who received it that in adjudicating whether the decedent's siblings were his heirs, as requested, the Probate Court would be forced to consider Dyla McIntire's claim as well, and that the court could not declare the siblings to be the heirs if McIntire's claim was substantiated.

Similarly, the petition requested that the Probate Court appoint Edward Elias as personal representative of the decedent's estate. That request, together with the information in the petition that McIntire had already been appointed personal representative in informal proceedings, gave clear notice to all who received it that the Probate Court would consider McIntire's claim to the position, and would not declare Edward to be personal representative if McIntire had priority as the daughter and only heir of the decedent.[4] The Probate Court had

---

**2.** The entire estate of an intestate decedent with no surviving spouse passes to his issue. *See* 18–A M.R.S.A. § 2–103(1) (1981). A child born out of wedlock is a child of the father if "paternity is established [after the father's death] by clear and convincing proof." 18–A M.R.S.A. § 2–109(2)(iii) (1981).

**3.** For definition of "issue," see 18–A M.R.S.A. § 1–201(21) (1981), and of "child," see *id.,* §§ 1–201(3), 2–109.

**4.** 18–A M.R.S.A. § 3–203 (1981) sets forth the priority of persons for appointment as personal representative. Either McIntire or Edward would have priority only if she or he fell into the category of "heirs of the decedent" under subsection (a)(5).

no choice but to determine whether Edward was one of the decedent's heirs, or McIntire was the sole heir, in order to determine whether Edward was qualified to be personal representative.

In sum, appellants' receipt of copies of Edward's petition, together with notices informing them that they had rights as "interested persons" in the Probate Court proceedings, was sufficient "to apprise [them] of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Although appellants never did become parties to the Probate Court proceedings, the information they received served adequately to inform them of the issues to be decided there and to give them the opportunity to object to any disposition with which they did not agree. The notice provided here fully met the requirements for notice to interested persons imposed by the United States Constitution, the Maine Constitution, and the Probate Code. Consequently, appellants are bound by the decision of the Probate Court. As they have raised no other issues on appeal, the entry must be:

Judgment of the Somerset County Probate Court affirmed.

All concurring.